**In re DAVIDSON LUMBER COMPANY, INC., Davidson Timber Company, Debtors.**

**Bankruptcy Nos. 82–00442–BKC–TCB, 82–00443–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Sept. 8, 1982.

Robert Hewitt, Miami, Fla., for William Roemelmeyer, trustee.

Edgar Lewis, Miami, Fla., for Flagler Federal.

## ORDER ON FLAGLER FEDERAL'S OBJECTIONS TO SALE

THOMAS C. BRITTON, Bankruptcy Judge.

On September 1, the trustee in this chapter 7 case sought approval of his sale of certain real property and certain personal property, including inventory, owned by the debtor. (C.P. Nos. 136, 145). The offer which prompted the application for hearing was based upon the premise that the debtor's existing first mortgage could be assumed by the purchaser. This circumstance prompted the mortgagee, Flagler Federal Savings & Loan Association of Miami to file objections to the sale at the hearing. Those objections were heard, considered and overruled orally at that hearing. The property in question was sold to the highest bidder for $1.2 million. That bid was based upon the assumption that the purchaser can assume the mortgage in question. The purpose of this order is to reflect the ruling made at the hearing.

The mortgagee has objected on two grounds: (1) the filing of bankruptcy constituted an act of default which accelerated the entire debt and (2) post-petition mortgage payments due on July 19 and August 19 were not made when due and, therefore, the mortgage debt has accelerated.

Neither contention affords a basis to resist the prompt assumption, cure and reinstatement of the mortgage in question, assuming the mortgage contained an acceleration clause which would in fact present the issue argued by the mortgagee. The mortgagee has not carried its burden of proving that fact, which is disputed by the trustee and other parties in interest. The following comments are subject to the mortgagee's proof of such a provision in the mortgage.

An "executory contract" may not be terminated or modified at any time after the commencement of a bankruptcy case solely because of a provision in such contract that is conditioned on "the commencement of a case under this title". 11 U.S.C. § 365(e)(1)(B). Flagler Federal has argued that its mortgage, admittedly current and executory the instant before the commencement of this case, is not an "executory contract within the scope of the cited provision". I disagree. An installment note and mortgage agreement securing the note are contractual obligations and I am aware of no provision in the Code, no part of its legislative history, nor any consideration of the policy underlying the cited section which would require exclusion of executory mortgages simply because they are mortgages.

This case began with an involuntary petition. It was converted to chapter 11 and, subsequently, converted to chapter 7. The mortgage remains assumable under § 365(d)(1). The trustee's application heard September 1 and his recommendation that the high bid be accepted constitute an election to assume the mortgage. Assumption requires that he provide adequate assurance that the default in payment of the July and August mortgage payments will be cured promptly. § 365(b)(1)(A). The terms and conditions of this bid assure that this default will be cured promptly. There is no reason why § 365(e)(1)(B) is not applicable to this mortgage.

Turning to the mortgagee's second point, the acceleration of a mortgage debt

constitutes an act to enforce against property the acceleration clause of a lien. Therefore, exercise of the acceleration clause is automatically stayed by § 362(a)(5) with respect to the debtors' property on account of any acceleration claimed to have occurred upon or after the filing of the bankruptcy petition. It follows, therefore, that acceleration cannot occur while the bankruptcy proceeding is pending unless and until the automatic stay provided by § 362(a) is terminated or modified under § 362(c), (d) or (e). No such application is presently before the court.

The objections of Flagler Federal are overruled.